### 15509.  GUYTON *v.* THE STATE.

BROYLES, C. J.  The evidence tending to establish the conviction of the defendant being wholly circumstantial, the failure of the judge to instruct the jury upon the law of circumstantial evidence, even in the absence of a timely and appropriate written request, was error requiring the grant of a new trial.

        *Judgment reversed.  Luke and Bloodworth, JJ., concur.*

Accusation of gaming; from city court of Baxley—Judge Speer. March 8, 1924.

*J. B. Moore,* for plaintiff in error.

*Wade H. Watson, solicitor-general,* contra.

---

### 15510.  WOLF *v.* THE STATE.

LUKE, J.  1.  The contention that the venue was not proved in this case is without merit.  The evidence authorized a finding that the automobile which the defendant was charged with stealing was stolen in Bibb county, where the larceny is alleged to have been committed.

2.  None of the excerpts from the charge of the court, when considered in the light of the charge as a whole, shows cause for a reversal.

3.  The evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis than that of guilt.

        *Judgment affirmed.  Broyles, C. J., and Bloodworth, J., concur.*

        DECIDED JUNE 10, 1924.  REHEARING DENIED JULY 15, 1924.

Indictment for larceny of automobile; from Bibb superior court —Judge Mathews.  February 25, 1924.

*John R. Cooper, W. O. Cooper Jr.,* for plaintiff in error.

*Charles H. Garrett, solicitor-general,* contra.